IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| FERRELL COMPANIES, INC., as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc., Employee Stock Ownership Plan 7500 College Blvd, Suite 100 Overland Park, Kansas 66210, <br><br> Plaintiff, <br><br> v. <br><br> GREATBANC TRUST COMPANY, Directed Trustee of the Ferrell Companies, Inc. Employee Stock Ownership Trust 801 Warrenville Road, Suite 500 Lisle, Illinois 60532 <br><br> Defendant. | )<br>)<br>)   CASE NO. 2:19-CV-2656<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT,
INJUNCTIVE AND OTHER RELIEF**

This is an action by Ferrell Companies, Inc. ("FCI") in its capacities as Plan Sponsor and

Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan (the "Plan"),

seeking a declaratory judgment, and preliminary and permanent injunctive and other relief, to

prevent GreatBanc Trust Company ("GBanc"), a directed ERISA trustee, from breaching its

contractual and statutory obligations to FCI as well as participants in the Plan ("Plan Participants")

by unlawfully attempting to replace all members of FCI's Board of Directors ("Board") with new

Board members, hand-picked by GBanc, which would cause FCI and the Plan Participants

immediate and irreparable harm, as well as ongoing monetary damages.

This action arises from GBanc's unprecedented, self-serving and unlawful efforts to elevate its own interests ahead of the Plan and Plan Participants in breach of its fiduciary duties. Earlier this month, FCI, in its capacity as Plan Sponsor, acted to replace GBanc with another trustee.  FCI has complete authority to replace GBanc for any or no reason and does not require the consent of or any action by GBanc.  Ample cause, however, existed for GBanc's replacement and has since increased.  First, the U.S. Department of Labor ("DOL"), following an audit of the Plan, mandated that GBanc be replaced.  Second, GBanc has a history of being sued by the DOL and participants in employee stock ownership plans in which GBanc has been accused of breaching its fiduciary duties.  Third, GBanc has been replaced as an ESOP trustee by numerous employee stock ownership plans.  Fourth, GBanc has taken numerous actions specifically with respect to FCI that are wholly inconsistent with and beyond the limited scope of its directed trustee authority and are in direct conflict with applicable corporate governance law that vests authority over the management of FCI in its Board and not with the Plan or GBanc as directed Trustee.  GBanc's unwarranted actions threaten the existence of FCI and would have the effect of irreparably damaging the very Plan and Plan Participants it is duty-bound to protect.

## PARTIES

1.      FCI is a Kansas corporation with its headquarters and principal place of business in Overland Park, Kansas.  Among other things, FCI and its affiliates, including Ferrellgas, LP, are engaged in the marketing and sale of propane products throughout the United States.

2.      Defendant GreatBanc Trust Company is an Illinois corporation with its principal place of business in Lisle, Illinois.

## JURISDICTION AND VENUE

3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as this action arises

out of GBanc's breaches and threatened breaches of its agreement to serve as a directed trustee of

an employee stock ownership trust subject to the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and its breaches of its ERISA fiduciary

duties in its role as directed trustee.

4.      Jurisdiction is likewise proper in this Court under 28 U.S.C. §1332, as this matter

arises between citizens of different States and the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs.

5.      The Court has personal jurisdiction over GBanc as the acts complained of occurred

or were directed to FCI and the Plan in this District.  Venue is proper in this District pursuant to

28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to FCI's claims occurred in

this District.

## FACTS

6.      On or about August 1, 1997 FCI, as Plan Sponsor, established the Plan, a current

copy of which is attached hereto as Exhibit A.

7.      On the same date, FCI, as Plan Sponsor and LaSalle National Bank, the predecessor

to GBanc, as directed Trustee, entered into the Ferrell Companies, Inc. Employee Stock Ownership

Trust (the "Trust") agreement, a copy of which is attached hereto as Exhibit B.  The Plan and Trust

collectively are referred to as the "ESOP".

8.      Pursuant to the terms of the Trust, and ERISA, GBanc is a directed Trustee of the

Trust and as such is obligated to take directions from the Company in its capacity as Plan

Administrator.  Section 2.2 of the Trust provides that "[t]he powers, duties and responsibilities of

the Trustee shall be limited to those set forth in this Trust Agreement, and nothing contained in the

Plan, either expressly or by implication, shall be deemed to impose any additional powers, duties

or responsibilities on the Trustee." The plain language of the Trust does not allow GBanc to make unilateral decisions with respect to most matters affecting the ESOP. Among these is the decision to name or replace member of the Board of FCI. The threatened unilateral removal of the FCI Board is a breach of the Trust Agreement.

9.      In recent years, FCI, like many companies, has been confronted with a number of challenges to its business. FCI's management and its Board have been, and remain, committed to working diligently to meet those challenges for the benefit of Ferrellgas, LP, and its stakeholders, including the Plan and Plan Participants. Among other things, FCI and its affiliates have engaged experienced advisors to assist them in a process to maximize value and profitability. GBanc has been informed of this numerous times.

10.      At the same time, GBanc has taken numerous actions that directly undermine the FCI Board's legal authority to manage FCI's affairs, to the detriment of FCI, the Plan and Plan Participants. That GBanc would act in such a deleterious fashion comes as no surprise given the history of DOL actions against GBanc. GBanc's failure as directed Trustee have been ongoing and extreme and, following an audit of the Plan and GBanc, the DOL required and directed that FCI replace GBanc as directed Trustee.

11.      GBanc also has taken specific actions with respect to FCI that are detrimental to FCI and Plan Participants and are entirely at odds with their limited authority and the right of FCI's Board to manage the affairs of FCI. Having apparently been approached by third parties interested in engaging in a transaction with FCI and its affiliates, GBanc exceeded its limited directed Trustee authority by improperly challenging FCI and its Board and seeking to usurp the FCI Board's decision-making on potential transactions. Under applicable corporate governance law, FCI and its Board, and not its shareholder (the Plan), are charged with the duty to manage the affairs of

FCI.  Notwithstanding the clear governance structure, GBanc demanded that FCI follow GBanc's

desired governance process that was neither required by applicable law nor consistent with the

best interests of FCI as determined by its Board.

12.     In breaching both its contractual obligations to FCI and its fiduciary duties under

ERISA, GBanc, among other things, has attempted unilaterally to impose potential transactions on

FCI, to insist that the FCI Board consider proposals not in the best interest of FCI (which is a

determination left to the Board, not GBanc, under applicable law), and to constantly undermine

FCI leadership, all in an attempt to impose its own misdirected vision of how FCI should operate

and to protect is own interest at the expense of the Plan and the Plan Participants.

13.     In response to GBanc's ongoing and escalating breaches of its fiduciary duties and

other duties as a directed Trustee, and in fulfillment of the DOL's determination that FCI replace

GBanc and retain a successor Trustee, on October 9, 2019, FCI sent GBanc a notice of removal as

Trustee of the Plan pursuant to Section 6.2 of the Trust Agreement and appointed James Urbach

as successor directed Trustee.  (See, *e.g.,* Notice of Removal attached hereto as Exhibit C). This

Notice is self-executing and GBanc has no right to oppose its own removal as directed Trustee.

Moreover, no action is required by GBanc in order to effectuate its removal and replacement.

14.     Following notice of its termination but before the effective date of termination (i.e.,

November 8, 2019), in an attempt to further interfere with FCI's Board and management and

entrench itself as Trustee, GBanc unlawfully demanded that FCI's Board, as Plan Administrator,

direct it as Trustee to replace FCI's entire Board with new directors -- hand-picked by GBanc[1].

GBanc's self-serving demand represents a direct, imminent and existential threat to FCI and the

---

[1] In its apparent haste to attempt to thwart its replacement, GBanc's list of new directors includes a senior lawyer at a law firm that currently represents FCI on numerous matters including on ESOP related matters.  This is just another example of GBanc's reckless behavior.

Plan Participants. If implemented, it would cause immediate and irreparable harm to FCI and the Plan Participants by, for example, significantly destabilizing the business, interfering with customer relationships, triggering events of default under loan covenants made by FCI's affiliates to their lenders, all of which would significantly impact the performance of the ESOP. These actions are all taken by GBanc to serve its own purposes and are in direct conflict with the interests of the Plan and Plan Participants.

## FIRST CAUSE OF ACTION
### (Declaratory and Injunctive Relief)

15.     FCI incorporates the allegations contained in the previous paragraphs of this Complaint as if fully restated herein.

16.     An actual controversy exists between FCI and GBanc. By, among other things, improperly interfering in the management of FCI, independently demanding that FCI engage in a transaction process, demanding the replacement of all of FCI's Directors (after receiving notice of being terminated as directed Trustee), and otherwise usurping and attempting to usurp the business prerogatives of FCI's Board, GBanc has breached its agreement to serve as directed Trustee and has thereby breached the Trust Agreement, has breached its ERISA fiduciary duties by harming FCI's business and has tortiously interfered with that business and continues to do so. GBanc's attempt to remove the Board threatens the very existence of the company.

17.     FCI and the Plan Participants will suffer immediate and irreparable harm without declaratory and injunctive relief. FCI has no adequate or complete remedy at law. Declaratory and injunctive relief from this Court is the only relief that can adequately protect FCI's rights.

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

18.     FCI incorporates the allegations contained in the previous paragraphs of this

Complaint as if fully restated herein.

19.    FCI has been damaged by GBanc's breach of the Trust agreement as set forth

herein.

## THIRD CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY)

20.    FCI incorporates the allegations contained in the previous paragraphs of this

Complaint as if fully restated herein.

21.    FCI has been damaged by GBanc's breach of its fiduciary duties as set forth

herein.

## FOURTH CAUSE OF ACTION

### (TORTIOUS INTERFERENCE)

22.    FCI incorporates the allegations contained in the previous paragraphs of this

Complaint as if fully restated herein.

23.    FCI has been damaged by GBanc's tortious interference with its contracts and

business relations as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, FCI seeks:

(a)    A declaration,  pursuant to 28 U.S.C. § 220l, that GBanc has breached its agreement

to serve as directed Trustee, has breached its fiduciary duties under ERISA, and has tortiously

interfered with FCI's business, including by GBanc's latest attempt to replace the Board without

legal right or authority to do so.  FCI seeks a further declaration that GBanc has no legal right to

be involved in FCI's business and ESOP in the future;

        (b)       An Order, in furtherance of the Court's declaration, preliminarily and

permanently enjoining GBanc from engaging in any conduct inconsistent with the Court's

declaration;

        (c)       As to the Second through Fourth Causes of Action, compensatory damages in

excess of $75,000, as determined at trial; and

        (d)       Such other and further relief as this Court may deem just and proper.


## JURY DEMAND

FCI hereby demands a jury for all claims set forth herein that are triable by jury.


Dated:  October 24, 2019

                                                Respectfully submitted,

Of Counsel:                               *s/James D. Griffin*

John A. Burlingame (DC #32694)         James D. Griffin (KS # 12545)
(*pro hac vice* to be filed)                Brent N. Coverdale (KS # 18798)
SQUIRE PATTON BOGGS (US) LLP      SCHARNHORST AST KENNARD GRIFFIN PC
2550 M Street,NW                       1100 Walnut Street, Suite 1950
Washington, DC  20037              Kansas City, MO  64106
Tel:  (202) 457-6000                 Tel: (816) 268-9400
Fax:  (202) 457-6315                Fax: (816) 268-9409
Email:  john.burlingame@squirepb.com   E-mail:  jgriffin@sakg.com
                                       bcoverdale@sakg.com

Joseph C. Weinstein (OH #0023504)
(*pro hac vice* to be filed)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH  44114
Tel:  (216) 479-8500
Fax:  (216) 479-8780
Email:  joe.weinstein@squirepb.com