# EXHIBIT I



October 23, 2019

VIA ELECTRONIC MAIL
Board of Directors of
Ferrell Companies, Inc. and
Ferrellgas, LP

Dear Ferrell Directors:

GreatBanc Trust Company ("GreatBanc"), not in its corporate capacity, but solely in its capacity as trustee of the Ferrell Companies, Inc. Employee Stock Ownership Trust (the "Trust") which forms a part of Ferrell Companies, Inc. Employee Stock Ownership Plan (the "Plan" and collectively with the Trust, the "ESOP"), acknowledges receipt of a Notice of Removal effective November 8, 2019.

For the more than thirteen years GreatBanc has served as trustee of the ESOP. During the period of its service, GreatBanc has taken its responsibilities to the ESOP and its participants seriously and it will continue to take action to preserve Trust assets until the removal becomes effective on November 8, 2019.

As you know, in its efforts to monitor the value of Ferrell Companies, Inc. ("FCI") stock held by the ESOP, GreatBanc has made repeated attempts to foster a collaborative relationship with the Board. You are also aware that, during the past year, the value of FCI and the underlying entity Ferrellgas Partners LLP ("Ferrellgas") has declined.

Regrettably, GreatBanc has, at this point in time, lost confidence in the Board for a number of reasons:

- The capital structure of FCI and its related companies includes $2.2 billion of debt. Ferrellgas' net leverage is more than double the industry average. We have asked the Board what their solutions to this problem are. The Board has not explained how it intends to address this problem and we have no reason to believe the Board has a solution to this problem.

- Ferrellgas' publicly-traded partnership interests have been declining in value for more than two years and the units are at risk of being delisted because they have been valued under $1.00 during most of the past several months.

- On the most recently filed SEC Form 10K, Ferrellgas reported a dispute between the Operating Partnership and one of its lenders, TPG Specialty Lending, over an event of default. Pursuant to the default, principal in the amount of $275 million has become due, causing the price of Ferrellgas stock to further suffer. As Ferrellgas heads into the winter season, the liquidity risk presented by its dispute with TPG Specialty Lending presents a legitimate threat to FCI's ability to operate as a going-concern.

- TPG Specialty Lending has also advised the Operating Partnership that the audited financials for the period ended July 31, 2019 do not satisfy the requirements set forth in the financing agreements due to the auditor's explanatory paragraph expressing substantial doubt as to the Operating Partnership's ability to continue as a going-concern.

Case 2:19-cv-00665-JAR-GEB Document 19-32 Filed 11/06/19 Page 3 of 4

- Ongoing litigation has exposed FCI to as much as $140 million in damages relating to alleged fraudulent transfers.

- Finally, S&P has downgraded Ferrellgas' credit rating to CCC-.

You are also aware that during the past year, as a part of its effort to fulfill its duties to ESOP participants and their beneficiaries, GreatBanc has been involved in/pursued various activities/actions, including without limitation, the following:

- In November of 2018, GreatBanc was contacted by three members of senior management expressing concerns about the leadership of Jim Ferrell and the manner in which he and the Board were running FCI. The employees that contacted GreatBanc believed that FCI was being pushed toward bankruptcy and playing a "dangerous game" with bondholders. After speaking with GreatBanc, the employees were removed from FCI.

- In December 2018, senior officers of GreatBanc traveled to Missouri to meet with the Board to discuss management's concerns and FCI's future plans. The Board acknowledged that FCI had too much debt and assured GreatBanc that it was working to address the debt in a way that would preserve and grow value for employee owners. Since that meeting, the Board has failed to identify any resolution to the debt problem and has failed to consider proposals presented to it by GreatBanc.

- On July 1, 2019, GreatBanc notified the Board of a potential solution to FCI's financial problems in the form of a recapitalization proposal from ▇▇▇ and asked the Board to form a special committee to analyze that proposal and any other proposals it has received.

- On July 22, 2019, the Board, through Jim Ferrell, denied GreatBanc's request to form a special committee and declined, without explanation, to evaluate the ▇▇▇ proposal.

- On July 30, 2019, the Board reminded GreatBanc that it was a "directed" trustee and amended the Plan to further limit any action the ESOP trustee may take to preserve plan assets.

- In the summer of 2019, investment bankers/financial advisors contacted GreatBanc to express interest in working with FCI to develop solutions to FCI's financial problems. When it asked individual bankers/advisors whether they had approached FCI, GreatBanc was in all cases advised that they could "not get past Jim Ferrell."

- After GreatBanc requested further dialogue and corroboration on strategic planning, the Board responded on September 3, 2019 that it would not engage with ▇▇▇ and told GreatBanc to cease from pursuing offers from ▇▇▇.

- GreatBanc made multiple attempts during the course of the year to encourage expansion and/or modification of the Board to enhance its collective turnaround and restructuring experience. In spite of the Company's continued deteriorating stock price, we were advised as recently as September 3rd that the Company does not believe that any additional independent Board members are necessary.

Board of Directors
October 23, 2019
Page 3

- On September 10, 2019, GreatBanc requested a meeting with the Board to understand the Board's objectives and ask why the ▮▮▮▮▮ proposal was not worth pursuing. GreatBanc's services were thereafter terminated.

To date, the Board has breached its ERISA fiduciary duty of refusing to provide the ESOP, as FCI's sole shareholder, with the information it needs to be able to monitor the value of FCI's shares. The Board has also refused to (i) provide GreatBanc with information concerning strategies or plans for addressing the numerous financial perils facing FCI, and (ii) explore the strategic alternatives which GreatBanc presented. In so refusing, the Board has breached its fiduciary duty to its shareholder to maximize share value. By allowing FCI's financial condition to continuously worsen, the Board has also further breached its fiduciary duty to the ESOP to preserve plan assets.

As trustee, GreatBanc has a fiduciary obligation to act for the exclusive purpose of providing benefits to Plan participants and beneficiaries. As a directed trustee, GreatBanc is required to follow direction it receives from the Plan Administrator *unless* it believes that following that direction would violate the Plan, Trust or ERISA. Pursuant to ERISA, GreatBanc may also act without direction where GreatBanc believes that it is prudent and in the best interests of the ESOP participants.

GreatBanc hereby requests that FCI, as the Plan Administrator of the ESOP, provide a direction to GreatBanc to remove the entire Board of Directors of FCI and install the following individuals to the Board:



The Plan Administrator can provide its direction for GreatBanc to remove the currently elected directors and to elect the slate of new directors by providing a signed copy of the enclosed form of direction to GreatBanc to take this action by close of business on October 25, 2019. If GreatBanc fails to receive the direction, GreatBanc is prepared to immediately move forward and replace the Board without direction.

Very truly yours,

*Julie Govreau*

Julie Govreau
General Counsel
GreatBanc Trust Company